Nicole M. Norris (SBN: 222785)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email: nnorris@winston.com

Attorney for Respondents
BATTERY TAI-SHING CORP., 100 BUSH CORP.,
300 PROSPECT PROPERTIES, INC.,
ALMADEN PLAZA PROPERTIES, LLC,
BROTHERS INTERNATIONAL HOLDINGS CORP.,
EDGEWATER HOLDINGS, CORP.,
DRAGON CAPITAL CORP., SNAKE CAPITAL CORP.,
AND JANE WAI-PO KWAN REVOCABLE TRUST

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re Application Pursuant to 28 U.S.C. § 1782 of Kwong Mei Lan Mirana,<br><br>Applicant,<br><br>vs.<br><br>Battery Tai-Shing Corp., 100 Bush Corp., 300 Prospect Properties, Inc., Almaden Plaza Properties, LLC, Brothers International Holdings Corp., Edgewater Holdings, Corp., Dragon Capital Corp., Snake Capital Corp., and Jane Wai-Po Kwan Revocable Trust,<br><br>Respondents. | **Case No. MISC CV08-80142 JF (RS)**<br><br>**RESPONDENTS' OPPOSITION TO NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY IN COMPLAINCE WITH SUBPOENAS AND CROSS-MOTION TO QUASH**<br><br>Date: January 21, 2008<br>Time: 9:30 a.m.<br>Place: Room 4, 5th Floor |



Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

## TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. STATEMENT OF FACTS ..... 2

A. Background and Issues ..... 2

B. Applicant's Discovery Requests, Respondents' Production and the Parties' Meet and Confer Efforts ..... 3

III. ARGUMENT ..... 5

A. Ms. Kwong Did Not Properly Serve the Subpoenas ..... 5

B. Respondents' Responses Do Not Improperly Rely Upon "Boilerplate Objections" ..... 6

C. The Requests Propounded On The Parties Are Objectionable and Should Be Quashed ..... 7

1. The Document Requests Cannot Lead to Admissible Evidence ..... 7

2. The Document Requests Seek Information Personal to Joshua Kwan ..... 9

3. The Document Requests Are Compound, Overbroad, and Seek Information Beyond the Entities Possession, Custody, or Control ..... 10

4. The Document Requests Are Duplicative of Information Produced In the Divorce Proceeding ..... 11

D. To the Extent This Court Grants the Applicant's Motion to Compel, the Court Should Limit the Time and Scope of Discovery and Grant Reasonable Fees for Compliance ..... 12

1. Any Discovery Ordered Produced Should Not Extend Beyond 2002 ..... 12

2. Discovery Should Be Limited To Joshua Kwan's Assets and Income ..... 14

3. Respondents Are Entitled To Reasonable Costs of Production If Compelled to Respond ..... 14

IV. CONCLUSION ..... 14

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*CF&I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494 (9th Cir. 1983) .......... 5

*Hallett v. Morgan*, 296 F.3d 732 (9th Cir. 2002) .......... 8

*Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241 (2004) .......... 8, 13

*Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792 (9th Cir. 2003) .......... 8

*Pagano v. Oroville Hospital*, 145 F.R.D. 683 (E.D. Cal. 1993) .......... 9

*San Francisco BART District v. Spencer*, 2006 U.S. Dist. LEXIS 73140 (N.D. Cal. 2006) .......... 5

*Seattle Times Co., v. Rhinehart*, 467 U.S. 20 (1984) .......... 9

*Sotelo v. Old Republic Life Ins.*, 2006 U.S. Dist. LEXIS 68387 (N.D. Cal. 2006) .......... 7

*U.S. v. Columbia Pictures Broadcasting System, Inc.*, 666 F.2d 364 (9th Cir. 1982) .......... 14

*Weber v. Finker*, 2007 U.S. Dist. LEXIS 88142 (M.D. Fla. 2007) .......... 12

**STATUTES**

28 U.S.C. 1782 .......... 10

28 U.S.C. Section 1782 .......... 5, 8, 13

Cal. Evid. Code § 1563(b) .......... 14

**OTHER AUTHORITIES**

Article 1, § 1 of the California Constitution .......... 9

Fed.R.Civ.P. 4 .......... 6

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Fed. R. Civ. P. 26 ....................13
Fed. R. Civ. P. 26(b)(2)(C) ....................11
Fed. R. Civ. P. 26(b)(2)(C)(i) ....................9
Fed. R. Civ. P. 26(b)(2)(C)(ii) ....................10
Fed. R. Civ. P. 26(f) ....................7
Fed. R. Civ. P. 45 ....................13
Fed. R. Civ. P. 45(c)(2)(B) ....................14
Fed. R. Civ. P. 45(c)(3)(A)(iv) ....................7

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Respondents Battery Tai-Shing Corp., 100 Bush Corp., 300 Prospect Properties, Inc., Almaden Plaza Properties, LLC, Brothers International Holdings Corp., Edgewater Holdings, Corp., Dragon Capital Corp., Snake Capital Corp. (altogether, the "Entities"), and Jane Wai-Po Kwan Revocable Trust (the "Trust"),[1] hereby oppose Applicant Kwong Mei Lan Mirana's ("Ms. Kwong" or "Applicant") motion to compel responses to her requests for production of documents and testimony and respectfully requests this Court quash Applicant's issued subpoenas.

## I. INTRODUCTION

In her quest for a self-described "pot of gold," Applicant Ms. Kwong seeks to impose unreasonable and ill conceived burdens on ten entities and one trust that are all independent third parties to her divorce proceedings currently pending in Hong Kong (the "Divorce Proceeding"). However, the Applicant's motion to compel fails to put forth any proper basis for obtaining the discovery that she seeks from Respondents.

It is undisputed that the Applicant's discovery efforts in the Divorce Proceeding are for the purpose of determining the assets and income of Applicant's ex-husband, Joshua Kwan. The Divorce Proceeding established that Joshua Kwan does not own any interest in Respondents, making information about the Respondents value or assets irrelevant to the Divorce Proceeding. Applicant's subpoenas seeking information specific to the value of each Respondent, and information related to individual shareholders of each, is an abusive use of judicial resources to dig for gold in someone else's pot.

As demonstrated below, nearly every single request from the Applicant is at a minimum, not relevant to the Divorce Proceeding between her and Joshua Kwan, seeks documents well beyond the scope of Joshua Kwan's ownership interests, if any, in Respondents, and is a transparent attempt to harass and burden the Kwan family businesses in order to increase the size of the "pot" she feels entitled to as the ex-Mrs. Joshua Kwan.

## II. STATEMENT OF FACTS

### A. Background and Issues

On August 24th, 1983, Joshua Kwan and Mirana Kwong married in Hong Kong. See

[1] The Entities and the Trust will collectively be referred to as "Respondents."



Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

October 13, 2008 Decision by Hong Kong Special Administrative Region ("Decision") at ¶ 4, attached to the Declaration of Nicole M. Norris in Support of Opposition to Motion to Compel ("Norris Dec."), ¶ 2, Ex. A. On or about May 23, 2006 Joshua Kwong filed a petition for divorce. Id. By February 2007, the marriage ended per decree nisi of divorce granted by the Hong Kong Court. Id. Ms. Kwong now seeks financial support from Joshua Kwan for herself and their two grown children. Id., at ¶ 5.

At various times throughout the 23-year marriage, Joshua Kwan held various positions as officer or director in each of the Entities and earned a salary for his work on such positions. Declaration of C.K. Kwan ("Kwan Dec."), ¶ 2. All of the Entities are controlled by respondent Brothers International Holding Corporation, a California Corporation, wholly owned by Kwan International N.V., a Netherlands, Antilles Corporation. Kwan Dec., ¶ 3-4.

As established in the Divorce proceedings, since 2005, C.K. Kwan, father to Joshua Kwan, owns and controls 97.8 % of Kwan International N.V., with the remaining 2.2% interest held in trust for C.K. Kwan's grandson, Justin Kwan. Kwan Dec., ¶ 5. C.K. Kwan's shares of Kwan International N.V. are held by his personal trust. Id. Neither C.K. Kwan, Justin Kwan, Kwan International N.V., or any of the subpoenaed Respondents are parties to the Divorce Proceedings and have financial responsibility to the Applicant.

As part of her pursuit to put as much of her ex-husband's family money into her own pocket, the Applicant moved the Hong Kong Court for further discovery related to Joshua Kwan's ownership interest, if any, in among other things, the Entities and Trust. See Norris Dec., ¶ 2, Ex. A, at ¶ 2. In doing so, Joshua Kwan, provided the Court with affidavits and answers to certain questionnaires explaining his role as officer or director in the Entities and total lack of current ownership interests in each of the Respondents. See 5th Affidavit of Joshua Kwan, attached to the Norris Dec., ¶ 3, Ex. B. While the Hong Kong Court did hold to the extent Joshua Kwan had an ownership interest in any of the Respondents, a valuation for each of the Respondents could be appropriate to determining the value of the marital properties; the Hong Kong Court also held that Joshua Kwan's affirmations concerning his interest in the companies, if any, are to be accepted "at face value at the interlocutory stage and the party seeking discovery [Ms. Kwong] is normally not

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

entitled to contravene what is sworn or affirmed…" Norris Dec., ¶ 2, Ex. A at ¶ 48. In addition, Joshua Kwan's 5th Affidavit asserting the same has gone uncontested by Applicant and the Hong Kong Court. Accordingly, the Hong Kong Court has explicitly accepted Joshua Kwan's affidavits that he has no ownership interests in Respondents.

**B. Applicant's Discovery Requests, Respondents' Production and the Parties' Meet and Confer Efforts**

Not satisfied with the information provided by her ex-husband in the Divorce Proceedings, the Applicant now uses the United States judicial system to harass the Kwan family companies, which she already knows are controlled and owned almost entirely by C.K. Kwan, her ex-father-in-law. Applicant's discovery requests (the "Requests") to each Respondent seek a myriad of information not specifically relating to Joshua Kwan, his assets or his income earned as director or officer of any Respondent. Instead, they seek to penetrate the total value of C.K. Kwan's personal wealth. Because the Requests in the Applicant's subpoenas for documents and testimony are numerous, it is not feasible to discuss each request and each objection individually. Instead, the requests and Respondents objections thereto are attached as Exhibits C and D to the Norris Declaration and incorporated herein by reference.[2]

While few requests in Applicant's subpoenas seek information specifically tailored to any income earned by Joshua Kwan from his position as officer or director of any Respondent, the vast majority of requests seek information generally related to the operations, assets, and value of the Respondents. For example:

> **Request No. 1:** Documents sufficient to identify YOUR directors, general partners, officers, and employees at all times from YOUR formation to the present.
>
> **Request No. 6:** All documents that summarize, describe, or refer to YOUR funding by any of YOUR directors, general partners, officers, or any entity where any of YOUR directors, general partners, officers, or any entity where any of YOUR directors, general partners, or officers also services as a director, general partner, or officer at that entity.

[2] Because the subpoenas and document requests/deposition topics are identical for each Entity, the objections to the subpoena for Brothers International Holdings Corp. are attached as an example of all. Although substantially similar, the objections to the subpoena to the Trust are also attached.

> **Request No. 40:** For any property owned by YOU, copies of title documentation.

Furthermore, many of the requests seek information regarding the personal assets held by Joshua Kwan with no relation whatsoever to Respondents. See for example:

> **Request No. 23:** All documents that mention, describe or refer to any license, franchise or permit granted by any local, state or federal government to JOSHUA KWAN.

> **Request No. 30:** All documents that mention, describe or refer to any boat, automobile or other motor vehicle in which JOSHUA KWAN has an interest or had an interest since 1983.

> **Request No. 35:** All documents that mention, describe or refer to any interest in any patents, inventions, trademarks, copyrights or any other intellectual property of any kind in which JOSHUA KWAN has an interest or had an interest since 1983.

In light of the undisputed fact that each of the Entities is owned or controlled by C.K. Kwan, not Joshua Kwan, none of the discovery requests from Applicant, save a few related specifically to income earned by Joshua Kwan from any Respondent, has any bearing on the marital property at issue in the Divorce Proceedings.

Counsel for the parties did meet and confer in person on October 23, 2008. Norris Dec., ¶ 6. However, despite the Applicant's assertions, the parties did not reach agreement about what definitively would or would not be produced. Id. The Applicant's motion erroneously presumes the existence of an "agreement and understanding" when in fact, there was none. Indeed, while Applicant's motion ignores the fact, the declaration of Applicant's counsel, William N. Herbert, acknowledges that the negotiations discussed at the meet and confer were conditioned upon final approval from the Respondents. See Declaration of William N. Hebert, ¶ 10:27-28. Moreover, the October 31, 2008 letter, which Mr. Herbert references at ¶ 11 of his Declaration in support of Applicant's motion to compel clearly evidences that no agreement had yet been reached. "I assume you will send us a letter setting forth the Responding Parties' positions with respect to the Subpoenas…[W]e are writing to address some of the issues we discussed last week and why we believe Mirana Kwong is entitled to the discovery she is seeking in the United States." See Norris Dec., ¶ 6, Ex. E. Mr. Herbert's own statements are self-evident that as of October 31, 2008 the



Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

parties were still engaged in meet and confer efforts to negotiate the scope of the subpoenas. Applicant's statements as to her "understanding" of a deal, and Respondents "apparent reneging on all prior agreements and understandings" are misleading given counsel's own admissions that the negotiations were ongoing.

**III. ARGUMENT**

This Court should deny Applicant's motion to compel and quash the issued subpoenas because the Requests she seeks are overly broad, unduly burdensome, not reasonably calculated to lead to admissible evidence and she has not demonstrated any substantial need for most, if not all, of the information requested from the third-party Respondents.

**A. Ms. Kwong Did Not Properly Serve the Subpoenas**

At the outset, each of the eleven subpoenas served by the Applicant is defective and should be quashed. The subpoenas Ms. Kwong attempted to serve on Respondents require not only production of documents, but also that a party representative appear for deposition. As the proofs of service make clear, the process server for the Applicant served only "Subpoena in a Civil Case" and "Order Granting Application for Issuance of Subpoenas under 28 U.S.C. Section 1782." Despite the demand for appearance by a witness, the Applicant *did not* serve the witness fees for one days attendance and the mileage allowed by law as *required* by Federal Rule of Civil Procedure 45(b)(1) when witnesses are asked to appear for deposition. (See Norris Dec., ¶ 7, Ex. F (proof of service for all entities). Failure to simultaneously tender witness fees *invalidates* the service. *CF&I Steel Corp. v. Mitsui & Co.*, 713 F.2d 494, 496 (9th Cir. 1983); *San Francisco BART District v. Spencer*, 2006 U.S. Dist. LEXIS 73140 (N.D. Cal. 2006). Accordingly, this Court should quash the subpoenas.

Furthermore, with the exception of the subpoenas for Brothers International Corporation and Edgewater Holding Company, the Applicant did not serve the registered agent for service of process or an officer or agent of any party. Instead, as evidenced by Applicant's proofs of service, Applicant served Mary Leong, a bookkeeper and office employee for Brothers International Holdings Corp. Id.; Kwan Dec., ¶ 7. Ms. Leong is not an officer of any Respondent nor has she been authorized to accept service of process on behalf of any Respondent. Kwan Dec., ¶ 8; Jane Kwan Dec., ¶ 4. Federal Rule of Civil Procedure 45 requires personal service on the named party or their agent. Fed.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy to the named person…"); *see also SF BART*, 2006 U.S. Dist. LEXIS at * 3 ("The Court agrees with the City and the majority of Courts that have understood "delivering" to require personal service of the subpoena."). Because Rule 45 does not specify what constitutes personal service upon a corporation, Courts look to Fed.R.Civ.P. 4 for guidance. Rule 4(e)(1) provides that service in any judicial district of the United States may be effected "**pursuant to the law of the state in which ... service is effected**." Fed.R.Civ.P. 4(e)(1). In California, service on a business entity may be made by delivering the subpoena to any officer, director, or custodian of records (or any agent or employee authorized to accept service). CCP § 2020.220(b)(2). At the time of service, Ms. Leong was neither an officer, director, custodian of records, or agent or employee authorized to accept service of process on behalf of any Entity or the Trust. Kwan Dec., ¶ 8; Jane Kwan Dec., ¶ 4. Thus, when leaving the subpoenas with Ms. Leong, the Applicant did not personally serve those respective Respondents. As personal service in this case was not perfected, the subpoenas are defective and should be quashed. *See SF Bart*, at *3 (service of subpoenas quashed for failure to personally serve).

**B. Respondents' Responses Do Not Improperly Rely Upon "Boilerplate Objections"**

Before addressing the specific requests at issue in this motion, Applicant implies generally that the Respondents objections to the multitude of requests improperly rely on "boilerplate objections" because the objections to the subpoenas are often identical. Applicant readily admits, however, that "[t]he subpoenas to the ten non-trust entitles are substantively identical." (Applicant's Motion to Compel, at 3, n. 2). Objections are standard fare in modern litigation and protect the prudent responding party from inadvertently waiving objections when responding to numerous discovery requests. It logically follows that where Respondents object to one request for documents, the other Respondents would make the same objections to the same request. There is no reason why Respondents should have differing objections to requests that the Applicant readily admits, are "substantially identical."

**C. The Requests Propounded On The Parties Are Objectionable and Should Be Quashed**

The content and scope of each Request propounded on Respondents is beyond the allowable

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

limit for a third-party witness. At a minimum, each Request is either irrelevant and not calculated to lead to admissible evidence, vastly overbroad as to require Respondents to provide information about other unknown entities, or entirely duplicative of information already revealed in the Divorce Proceedings.

The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. A party violates the spirit of the discovery rules when they attempt to use them as tactical weapons, rather than expose the real facts at issue. See Fed. R. Civ. P. 26(f) Advisory Committee Notes, 1983 Amendment. Here, Applicant goes far beyond investigating the issues in her case, i.e., the value of the marital properties, and instead seeks to use the Federal discovery rules reveal the personal wealth of C.K. Kwan and the value of the corporate entities he controls, all in an attempt to enlarge the size of her marital "pot." Neither C.K. Kwan, nor any of the Respondents have any financial obligation to the Applicant and their personal wealth is of no consequence to her. Respondents should not therefore, be compelled to respond to her subpoenas.

**1. The Document Requests Cannot Lead to Admissible Evidence**

Document Request Nos. 1-4, 6, 8-11, and 39-41 to the Entities and Request Nos. 3, 4 and 32 to the Trust all seek information related to the assets, finances, value, and shareholder information for Respondents. The Divorce Proceedings have already established that Joshua Kwan has no ownership interest in Respondents. Thus, Respondents total value has no impact on Joshua Kwan's personal income or assets, and such information is ultimately immaterial to the issues in the Divorce Proceeding. In a dispute where the joint marital property and the personal value of Joshua Kwan's income and assets are at issue, it is improper to compel a third-party to disclose irrelevant information not related to such dispute. Under Rule 26(b)(1) of the Federal Rules of Civil Procedure "relevant" discovery is defined to include discovery "reasonably calculated to lead to the discovery of admissible evidence." Requiring Respondents to produce such wholly irrelevant documents is considered an "undue burden." *See Sotelo v. Old Republic Life Ins.*, 2006 U.S. Dist. LEXIS 68387, *6 (N.D. Cal. 2006). Hence, in this case, because the information sought does not reveal the income and assets of Joshua Kwan, the requests are not reasonably calculated to lead to admissible evidence and the Respondents should not be compelled to respond. Fed. R. Civ. P. 45(c)(3)(A)(iv) (the Court

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

from which the subpoena was issued "shall quash or modify a subpoena if it…subjects a person to undue burden.").

Furthermore, the above-stated requests are not specifically tailored to seek information related to Joshua Kwan. Instead, the requests broadly seek information about every facet of the business and/or Trust. Even if Joshua Kwan had an ownership interest in any Respondent, it would be improper to compel Respondents to reveal information unrelated to Joshua Kwan's interest, especially where such information would implicate or disclose private information regarding other shareholders of the privately held entities, or information private and confidential to the Trust beneficiaries (other than Joshua Kwan). The Requests extend beyond the scope of the Divorce Proceeding, are thus overbroad, and the Applicant has not shown a substantial need for any information other than that specifically related to Joshua Kwan's personal net worth. This Court should exercise its broad discretion in denying the Applicant's requested discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("Broad discretion is vested in the trial Court to permit or deny discovery…"; Court did not abuse its discretion in denying motion to compel where the disputed evidence was only minimally relevant to the plaintiff's case) citations omitted; *see also Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792 (9th Cir. 2003) (where discovery requests to third party went beyond scope of issue in case, Court did not abuse its discretion in quashing subpoena to third party); *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241 (2004) (Court declined to rule on whether 28 U.S.C. § 1782 was appropriate in the case at hand, but did rule that 1782(a) "leaves the issuance of an appropriate order to the discretion of the Court which, in proper cases, may refuse to issue an order…."), citing S. Rep. No. 1580, at 7.

The Requests aimed at the Trust are particularly inappropriate as the Jane Wai-Po Kwan Revocable Trust is the personal trust of Jane Kwan, sister to Joshua Kwan. Declaration of Jane Kwan, ¶ 2-3. Requiring Jane Kwan to produce information related to her personal assets and how she chooses to bequeath then in the future has no bearing on the Applicant's marital properties today. Thus, not only is this information wholly irrelevant, production of the requested information would be unduly intrusive on Jane Kwan's privacy interests. Her assets are not at issue in the Divorce Proceedings. There is no reason the public, her family, or ex-members of her family, should

have insight into Jane Kwan's assets and how she might choose to distribute them.

Beyond this, the Trust has a substantial interest in keeping its contents confidential. The federal Constitution implicitly recognizes a right to privacy that requires a balancing test to be utilized whenever discovery requests intrude on the privacy interests of a party or non-party. *Pagano v. Oroville Hospital*, 145 F.R.D. 683, 698-99 (E.D. Cal. 1993*); see also Seattle Times Co., v. Rhinehart*, 467 U.S. 20 (1984) ("It is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse. This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties…the government clearly has a substantial interest in preventing this sort of abuse of its processes."). Furthermore, Article 1, § 1 of the California Constitution expressly provides for a privacy right. In this case, Jane Kwan's privacy rights are significantly implicated by a production of information revealing the value and distribution of her personal assets. On the other hand, production of such information will undoubtedly be of no help to the Applicant in determining Joshua Kwan's assets and income, as the trust is Jane Kwan's personal trust. Courts will deny discovery even in circumstances where "there is a very small portion of…documents which might have some minimal relevance to the issues which have been placed before the Court." *Hallet*, 896 F.3d at 751. Here, where there is *no relevance*, to the issues before the divorce Court in Hong Kong, this Court should also deny Applicant's motion to compel discovery from the third-party Respondents.

**2. The Document Requests Seek Information Personal to Joshua Kwan**

Document Request Nos. 14-16, 19, 23-24, and 26-38 to the Entities and Request Nos. 7-9, 12, 16-17, and 19-31 to the Trust are improperly propounded on Respondents in that they seek information related to the personal assets and income of Joshua Kwan without any correlation to any of the Respondents. Applicant makes no showing as to how or why the information sought in these requests can be collected from Respondents as opposed to Joshua Kwan himself, who is an actual party to the dispute in Hong Kong, unlike Respondents. Federal Rule 26 articulates that in situations such as this, where the information "can be obtained from some other source that is more convenient, less burdensome, or less expensive," the Court **must** limit the discovery. See Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added). As none of the documents requested in these Requests are

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

limited to or pertain to Respondents, it would be more convenient, less burdensome and less expensive for Respondents, and ultimately the Applicant as well, if she pursued this information directly from Joshua Kwan in the Divorce Proceeding instead of through the 28 U.S.C. 1782 application. The Respondents should not be compelled to expend time, effort, and resources searching for information Applicant can get directly from a party in the Hong Kong action. *Id*., see also Fed. R. Civ. P. 26(b)(2)(C)(ii) (discovery must be limited when the "party seeking discovery has had ample opportunity to obtain the information by discovery in the action [i.e., the Divorce Proceeding.").

**3. The Document Requests Are Compound, Overbroad, and Seek Information Beyond the Entities Possession, Custody, or Control**

Document Requests Nos. 17-18, 20-22, 25 to the Entities and Request Nos. 10-11, 13-15, and 18 to the Trust are compound, overbroad, and seek information beyond Respondents knowledge, possession, custody or control. By way of example, the above referenced requests seek information related to the Respondent *or* some other party: "All documents that mention, describe or refer to any assignments by YOU *or any other party* to JOSHUA KWAN." (Request No. 17, emphasis added.)

The use of "or" makes this request compound in that it seeks information related to 1) assignments by the Respondent and also includes 2) assignments by *any other party* to Joshua Kwan. It is unclear exactly which information this Request is aimed at. To the extent the Requests seek information related to a party other than the respective Respondent or Joshua Kwan, it is overbroad and unduly burdensome in that it requires the Respondent to reach beyond its immediate knowledge and control to collect information from yet another third party entity.

The requests are also overbroad in that they seek information that is entirely unrelated to that Respondent, i.e., information about an assignment by any other party to Joshua Kwan. It is unduly burdensome to compel Respondents to search for information from another, undisclosed anonymous party. In all likelihood, assignments to Joshua Kwan from another unknown entity are not at all related to the business of the subpoenaed Respondent and the Respondent would not be able to provide the requested documents. Moreover, Applicant advances no argument as to why she cannot obtain the information about assignments from any other party to Joshua Kwan, from Joshua Kwan



Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

himself. As third parties to this dispute, Respondents should not be compelled to provide information that Applicant can readily obtain from an actual party. See Fed. R. Civ. P. 26(b)(2)(C).

**4. The Document Requests Are Duplicative of Information Produced In the Divorce Proceeding**

The remaining document Request Nos. 5, 12, and 13 to the Entities and 1, 5, and 6 to the Trust, as admitted by Applicant, are duplicative of the information already produced in the Divorce Proceedings. The Respondents should not be burdened with the expenditure of time and effort to produce the same information already at the Applicant's disposal, simply because the Applicant is unwilling to accept the information revealed by Joshua Kwan. See Fed. R. Civ. P. 26(b)(2)(c) ("On motion or on its own, the Court **must** limit the frequency or extent of discovery otherwise allowed by these rules or by the local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive…") (emphasis added). These requests seek information related to payments, salary and/or income the Entities paid Joshua Kwan during his tenure at corporate officer or director of the respective Entity. In response to these requests, the Entities produced documents delineating the salary paid to Joshua Kwan as a Director Fee for 100 Bush Corp., 300 Prospect Properties, Inc., Brothers International Holdings Corp., Brothers International Corp., Edgewater Holdings Corp., as well as an Officers Salary for his work at Brothers International Holdings Corp. As Applicant indicates in her moving brief, these pages are "duplicative of information already produced in the Hong Kong action." Motion at 1: 15-16. As third parties, it would be improper to compel the Entities to produce documents that are wholly duplicative to documents already produced in the Divorce Proceedings. See Fed. R. Civ. P. 26(b)(2)(c).

**D. To the Extent This Court Grants the Applicant's Motion to Compel, the Court Should Limit the Time and Scope of Discovery and Grant Reasonable Fees for Compliance**

For the above reasons, this Court should deny Applicant's motion to compel and quash her subpoenas. However, in the event the Court feels it appropriate for Respondents to produce some, or all of the requested information, this Court should limit any discovery to information between January 1, 2002 and May 23, 2008 as well as limit the scope of the discovery to that subject which is

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

pressing before the Hong Kong Court: Joshua Kwan's income and assets.

**1. Any Discovery Ordered Produced Should Not Extend Beyond 2002**

The Hong Kong Court has already ruled that the relevant time period for the determination of matrimonial properties spans from January 1, 2002 through May 23, 2008, being two years from the date Joshua Kwan filed his petition for divorce. Norris Dec., ¶ 2, Ex. A at ¶ 94(i). In China, discovery of documents used to determine the marital property generally reaches back two years from the date of the petition. Id. at ¶ 2. In the Divorce Proceeding, the Applicant moved the Hong Kong Court for an order extending that range to 2002, as opposed to 2004.[3] Id. at ¶ 36. The Applicant argued that the couple had been separated for two years before Joshua Kwan filed the divorce petition in 2006 and thus, an accurate depiction of their lifestyle and assets must draw reference from the time they were still married as opposed to separated. Id. The Court agreed and granted the Applicant's request. Id. at ¶ 94(i) ("Unless otherwise directed by the Court, the discovery of documents by the Husband shall be from 1st January 2002 instead of 2 years from the date of petition.").

Despite Applicant's assertions in her motion to this Court, Respondents' limitation of documents and information dating back to 2002 is by no means unilateral, but instead is in reliance on Applicant's own arguments in the Divorce Proceedings about what is relevant to determine her share of the marital "pot." In light of her own admissions of how far back she should receive discovery, the Applicant should be estopped from arguing differently in this Court. The Applicant cannot advocate portions of the Hong Kong Decision in support of her request for discovery in this forum, while ignoring other portions in the hopes of expanding the relevant date period. Such practice is inequitably using the Decision as both a sword and a shield.

Moreover, it would be inequitable and overly burdensome to compel Respondents to produce documents for the last 25 years when the relevant time period does not reach before 2002. *See Weber v. Finker*, 2007 U.S. Dist. LEXIS 88142, *10-11 (M.D. Fla. 2007) (production of five years' worth of documents was overly burdensome and would result in production of irrelevant information). The Hong Kong Court will not use documents before January 1, 2002 to determine the

[3] Joshua Kwan filed a petition for divorce on May 23, 2006. Norris Dec., ¶ 2, Ex. A at ¶ 2.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

value of the marital property or of Joshua Kwan's income and assets. Thus, production of any such documents would be irrelevant to the ultimate issue in the Divorce Proceedings. There is no justifiable reason to burden Respondents, third parties in the Divorce Proceedings, by compelling them to produce documents that will be discarded by the foreign tribunal.

Whether or not documents dated pre-2002 are *admissible* in the Divorce Proceedings, is neither here nor there. Instead, Respondents urge this Court to look at the *utility* of producing such documents. As evidenced by the Decision, there is no utility because the relevant time frame spans from January 1, 2002 to May 23, 2008, it does not begin in 1983. This Court should exercise its discretion to deny Respondents the Requested discovery for a time period that the Hong Kong Court will not review in determining the total value of the marital property.

Applicant relies on *Intel v. Advanced Micro Devices* to argue that discovery under 28 U.S.C. § 1782 is not restricted to documents that are discoverable in the foreign proceeding. See Motion, 8:18-22. However, the restriction, or lack thereof, is not a *per se* acknowledgement by the Court that an applicant would be "entitled" to any documents they choose to request. Instead, the *Intel* Court specifically counters that theory by citing the Senate Report's language leaving Courts with discretion to *deny* discovery, or impose other restrictions on the discovery as the Court sees fit. *Intel*, 542 U.S. at 261. Thus, despite any question regarding admissibility in Hong Kong, this Court should exercise its discretion to deny discovery that ultimately will not be used.

**2. Discovery Should Be Limited To Joshua Kwan's Assets and Income**

At issue in the Divorce Proceedings is the value of the marital property, which is determined by analysis of Joshua Kwan's income and assets. Accordingly, should this Court compel Respondents to produce documents to Applicant, Respondents respectfully request this Court limit such responses to information related only to *Joshua Kwan* and his assets and income. Information regarding other shareholders, or any of Respondents income that does not concern or affect the value of Joshua Kwan's assets and income, should be excluded from production as irrelevant, overbroad, and unduly burdensome. See Fed. R. Civ. P. 26 and 45.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

**3. Respondents Are Entitled To Reasonable Costs of Production If Compelled to Respond**

Federal Rule of Civil Procedure 45 requires that an order compelling production of materials "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(c)(2)(B) (emphasis added). "Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *U.S. v. Columbia Pictures Broadcasting System, Inc.*, 666 F.2d 364, 371-372 (9th Cir. 1982). Here the cost of Respondents production may be charged against the Applicant, as she requested the subpoena. Cal. Evid. Code § 1563(b). Upon compulsory compliance with Applicant's subpoenas, Respondents therefore demand reimbursement for the "expense resulting from compliance."

**IV. CONCLUSION**

From her repeated reference to the "pot of money" she feels entitled to as the ex-Mrs.-Joshua-Kwan, it is clear that Ms. Kwong is looking for a windfall. Dismayed by the difference between the stories Joshua Kwan told her during their marriage and reality, Ms. Kwong will not rest until she finds the pot of gold she is looking for. Unwilling to accept the fact that Joshua Kwan has *no ownership interest* in any of his father C.K. Kwan's United States entities, or his sister Jane Kwan's Trust, Ms. Kwong subpoenaed each of them for every scrap of paper since the day she married Joshua Kwan, twenty-five years ago. Absent the requisite ownership interest by Joshua Kwan, information related to the value, operations and assets held by Respondents is entirely irrelevant to the issues in the Divorce Proceedings, namely the value of Joshua Kwan's assets and income, and compulsory compliance would be unduly burdensome on Respondents. Accordingly, this Court should deny Ms. Kwong's motion to compel and quash the issued subpoenas.

Dated: December 30, 2008

Respectfully submitted,

WINSTON & STRAWN LLP

By: /s/ Nicole M. Norris
Nicole M. Norris
Attorney for Respondents
BATTERY TAI-SHING CORP., 100

BUSH CORP., 300 PROSPECT PROPERTIES, INC., ALMADEN PLAZA PROPERTIES, LLC, BROTHERS INTERNATIONAL HOLDINGS CORP., EDGEWATER HOLDINGS, CORP., DRAGON CAPITAL CORP., SNAKE CAPITAL CORP., AND JANE WAI-PO KWAN REVOCABLE TRUST

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

**PROOF OF SERVICE**

**CASE NAME:** ***Mirana Mei Lan Kwong v. Battery Tai-Shing Corp., et al.***
**COURT:** **U.S. District Court, N.D. California (San Jose Division)**
**CASE NO.:** **MISC. CV08-80142 JF (RS)**
**W&S FILE NO.:** **011671.00001**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5802. On **December 31, 2008**, I served the within documents:

- **RESPONDENTS' OPPOSITION TO NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY IN COMPLAINCE WITH SUBPOENAS AND CROSS-MOTION TO QUASH;**
- **DECLARATION OF NICOLE M. NORRIS IN SUPPORT OF RESPONDENTS' OPPOSITION TO NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY IN COMPLAINCE WITH SUBPOENAS AND CROSS-MOTION TO QUASH;**
- **DECLARATION OF CHEE KIN KWAN IN SUPPORT OF RESPONDENTS' OPPOSITION TO NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY IN COMPLAINCE WITH SUBPOENAS AND CROSS-MOTION TO QUASH; AND**
- **DECLARATION OF JANE KWAN IN SUPPORT OF RESPONDENTS' OPPOSITION TO NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY IN COMPLAINCE WITH SUBPOENAS AND CROSS-MOTION TO QUASH.**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, addressed as set forth below.

☐ On December 30, 2008, I sent such document(s) from facsimile machine (415) 591-1400. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 591-1400 which confirms said transmission and receipt.

☐ by causing to be personally delivered the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by causing the document(s) listed above to be delivered via overnight delivery (Federal Express) to the person(s) at the address(es) set forth below.

**ATTORNEYS FOR APPLICANT:**
Kathleen V. Fisher, Esq.
William N. Hebert, Esq.
Seung Lee, Esq.
CALVO & CLARK LLP
One Lombard Street, 2nd Floor
San Francisco, CA 94111
Telephone No.: (415) 374-8370

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Facsimile No.: (415) 374-8373

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made. Executed on **December 31, 2008**, at San Francisco, California.

/s/ Tapa E. Tualaulelei
Tapa E. Tualaulelei

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA 94111-5802**