United States District Court
For the Northern District of California

*E-FILED 6/8/2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KWONG MEI LAN MIRANA,<br><br>   Applicant,<br> v.<br><br>BATTERY TAI-SHING CORP., 100 BUSH CORP., 300 PROSPECT PROPERTIES, INC., ALMADEN PLAZA PROPERTIES, LLC, BROTHERS INTERNATIONAL HOLDING CORP., EDGEWATER HOLDINGS CORP., DRAGON CAPITAL CORP., SNAKE CAPITAL CORP., JANE WAI-PO KWAN REVOCABLE TRUST,<br><br>   Respondents. | No. C08-80142MISC JF (HRL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART APPLICANT'S MOTION TO MODIFY PROTECTIVE ORDER**<br><br>[Re: Docket No. 26] |

Applicant Kwong Mei Lan Mirana ("Kwong") moves to modify the terms of the parties' stipulated protective order. Respondents oppose the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court grants the motion in part and denies it in part.

**I. BACKGROUND**

Kwong and Joshua Kwan divorced in 2007. They currently are involved in legal proceedings in Hong Kong to determine the amount of financial support Kwong will receive from Kwan. An issue in the Hong Kong action is whether Kwan has, or had during the marriage, beneficial interest in the entities captioned above.

Pursuant to 28 U.S.C. § 1782, Kwong instituted the instant ancillary proceeding here and served subpoenas on the United States companies and The Jane Wai-Po Revocable Trust (collectively "respondents"), seeking deposition testimony and documents for use in proceedings related to the divorce proceedings in Hong Kong. Respondents subsequently moved to quash the subpoenas, and Kwong moved to compel their compliance.

The court granted respondents' motion to quash the deposition testimony. Kwong's motion to compel the production of documents was granted in part. The court's order provided that documents were to be produced subject to a protective order governing the treatment of confidential information. The parties subsequently stipulated to the terms of a protective order, which was entered by this court on April 13, 2009.

Kwong now moves to modify the terms of the stipulated protective order so that she may access documents produced by respondents as "Attorneys' Eyes Only" ("AEO"). She also seeks leave to use in the Hong Kong matrimonial proceeding (as well as in any potential proceedings ancillary to that dispute) all the fruits of discovery obtained here. Respondents maintain that the financial information contained in their documents have no bearing on the marital property at issue in the Hong Kong matrimonial dispute. They further contend that Kwong's request to have unlimited use of their financial information in any unspecified, hypothetical ancillary proceeding anywhere in the world is simply too speculative to be countenanced.

## II. DISCUSSION

District courts "have inherent authority to grant a motion to modify a protective order where 'good cause' is shown." CBS Interactive, Inc. v. Etilize, Inc., — F.R.D. —, No. C06-05378, 2009 WL 55947 *5 (N.D. Cal., Jan. 7, 2009) (citing Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)). "A party asserting good cause bears the burden to show that specific prejudice or harm will result if the motion is not granted." Id.

The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003). "Allowing the fruits of one litigation to facilitate preparation

2

1  in other cases advances the interests of judicial economy by avoiding the wasteful duplication
2  of discovery." Id.  Thus, "[w]here reasonable restrictions on collateral disclosure will continue
3  to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the
4  issuing court to modify an otherwise proper protective order so that collateral litigants are not
5  precluded from obtaining relevant material should generally be granted." Id. at 1132.

6       Nevertheless, such requests for modification are not to be granted automatically. Id.
7  When evaluating a request for modification of a protective order, courts must first assess the
8  relevance of the protected discovery to the collateral proceedings. Id.  "Such relevance hinges
9  on the degree of overlap in facts, parties, and issues between the suit covered by the protective
10 order and the collateral proceedings." Id. (internal quotation marks omitted).  Second, the court
11 must "weigh the countervailing reliance interest of the party opposing modification against the
12 policy of avoiding duplicative discovery." Id. at 1133.

13      In the instant case, respondents once again argue, as they did in connection with the
14 parties' prior discovery motions, that none of the discovery sought by Kwong – with the
15 exception of a few documents pertaining specifically to her ex-husband's income – has any
16 bearing on the marital property at issue in the Hong Kong divorce proceedings.  However, as
17 discussed in the court's prior discovery order, an order from the District Court of the Hong
18 Kong Special Administrative Region provided that financial and shareholding information from
19 the United States entities was relevant to its proceeding.  The Hong Kong court concluded that
20 whether everything belongs to Kwan's father or other family members, and not Kwan, will be a
21 question for trial.  Thus, the discovery at issue in the instant ancillary action is relevant to the
22 underlying proceeding.  (See Docket #19, Feb. 5, 2009 Order Granting in Part and Denying in
23 Part Motion to Compel).

24      Respondents nonetheless contend that Kwong has no legitimate need to personally
25 access their private financial information.  They assert that all documents showing Joshua
26 Kwan's interests have been produced without an AEO designation such that Kwong can access
27 those documents directly.  They maintain that the information to which Kwong seeks access
28 reveals only the financial status of third parties (and not her ex-husband) who have no financial

3

1  responsibility to Kwong.  Here, they assert that (a) Jane Kwan is the record owner of the assets
2  held by The Jane Wai-Po Trust, as to which Joshua Kwan is not a beneficiary; and (b) the
3  respondent entities are owned in whole by C.K. Kwan Trust, whose beneficiaries are C.K.
4  Kwan (Joshua's Kwan's father) and his grandson, Justin.  Respondents acknowledge that
5  Kwong is not a "competitor" per se, but nonetheless argue that their private finances should
6  remain protected from disclosure to Kwong, who may be hurt or angry at the Kwan family.
7  They point out that the parties' stipulated protective order already provides that the "AEO"
8  designation will automatically expire once the Hong Kong court decides that their assets should
9  be included in marital property being divided between Kwong and Joshua Kwan.

10  For her part, Kwong contends that she has an acute need to personally review
11  respondent's AEO documents.  Here, she alleges that Kwan told her during their marriage that
12  he owned 49% of the family's properties in the United States.  Thus, Kwong says that only she
13  – and not her attorneys – would know if there are entities her ex-husband discussed during their
14  marriage that may not be included in respondents' documents.  Additionally, Kwong says that
15  she needs to personally review respondents' AEO documents in order to make informed
16  decisions as to how to proceed in the Hong Kong action, including decisions as to how to settle
17  her claims (if at all).  She asserts that she cannot wait until the Hong Kong court issues its
18  decision as to the scope of the marital property at issue because that is a determination that will
19  not be made until the divorce proceedings are completely adjudicated.

20  After weighing competing legitimate interests and possible prejudice, this court
21  concludes that in view of respondents' privacy interests in their personal finances, the "AEO"
22  designation should remain in place.  However, Kwong has made a showing as to her need to
23  review the information in order to properly assess matters directly at issue in the Hong Kong
24  proceeding.  Although respondents express concern that Kwong might misuse the information,
25  they have not made a sufficient showing for this court to conclude that is likely.  Nonetheless, in
26  order to protect respondents' sensitive information, Kwong will only be permitted to view the
27  documents in the presence of her attorneys.  She shall not be permitted to keep a copy of the
28  documents or otherwise reproduce their contents in any way.  Prior to any disclosure to Kwong,

1  she shall sign the "Agreement to Be Bound by Protective Order" – the original of which shall be
2  maintained by her attorneys, and a copy of which shall be delivered to respondents.

3  With respect to Kwong's request to use respondents' financial information in the Hong
4  Kong divorce proceeding, her motion is granted. Respondents indicate that they have already
5  agreed that any documents produced in the instant ancillary proceeding may be used there.
6  However, this court finds that the stipulated protective order may be ambiguous in this respect.
7  Compare Docket #24, Stipulated Protective Order at 1:22-23 (barring "use [of discovery] for
8  any purpose other than prosecuting this litigation") with Paragraph 2.9 (permitting disclosure of
9  discovery to counsel in the Hong Kong action). Accordingly, this court now makes explicit that
10 Kwong may use discovery obtained here in the litigation entitled *Kwan v. Kwong*, presently
11 pending in the District Court of the Hong Kong Special Administrative Region Matrimonial
12 Causes, No. FCMC 6100/2006.

13 As for Kwong's request to use respondents' financial information in any ancillary
14 proceeding which might be filed, her motion is denied without prejudice. In the Ninth Circuit,
15 courts generally permit discovery from one case to be used in other litigation where that
16 discovery is relevant to the issues in the other litigation. As noted above, "[s]uch relevance
17 hinges on the degree of overlap in facts, parties, and issues between the suit covered by the
18 protective order and the collateral proceedings." Foltz, 331 F.3d at 1132; see, e.g., Olympic
19 Refining Co. v. Carter, 332 F.2d 260 (9th Cir. 1964) (concluding that a protective order issued
20 in a government antitrust lawsuit should be modified to allow use of discovery from that action
21 in a private antitrust action based on the same alleged violations). Here, Kwong asserts that she
22 might well need to use respondents' documents in potential ancillary proceedings that might be
23 filed elsewhere, e.g., in The Netherlands to discover information about her ex-husband's jointly
24 owned holding company in that country. No such proceeding has yet been filed, however; and,
25 this court declines to give Kwong carte blanche to use respondents' information based on the
26 hypothetical possibility that other such actions might be filed. Cf. CBS Interactive, Inc., —
27 F.R.D. — at *10-12 (finding good cause to modify the protective order to allow plaintiff to
28 prepare and file a collateral state court trade secret misappropriation action where plaintiff

5

presented specific discovery documents demonstrating questionable use of its proprietary information). Accordingly, this part of Kwong's motion is denied without prejudice to renew the request upon a proper showing.

### III. ORDER

Based on the foregoing, IT IS ORDERED THAT Kwong's motion to modify the protective order is GRANTED IN PART AND DENIED IN PART as follows:

1. The "AEO" designation as to respondents' financial documents shall remain in place. Kwong will be permitted to view the documents only in the presence of her attorneys. She shall not be permitted to keep a copy of the documents or otherwise reproduce their contents in any way. Prior to any disclosure to Kwong, she shall sign the "Agreement to Be Bound by Protective Order" – the original of which shall be maintained by her attorneys, and a copy of which shall be delivered to respondents.

2. Kwong may use discovery obtained here in the litigation entitled *Kwan v. Kwong*, presently pending in the District Court of the Hong Kong Special Administrative Region Matrimonial Causes, No. FCMC 6100/2006.

3. Kwong's motion for permission to use respondents' financial information in any ancillary proceedings that may be filed elsewhere is denied without prejudice.

Dated: June 8, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:08-mc-80142 Notice has been electronically mailed to:**

Kathleen V. Fisher  kfisher@calvoclark.com, sf-receptionist@calvoclark.com

Nicole Michelle Norris  nnorris@winston.com, docketsf@winston.com, ttualaulelei@winston.com

Seung Lee  slee@calvoclark.com, lthornton@calvoclark.com, sf-receptionist@calvoclark.com

William N. Hebert  whebert@calvoclark.com, cheryluntalan@calvoclark.com, ddinh@calvoclark.com, SF-Receptionist@calvoclark.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.